IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE HAGUE, AS TRUSTEE
OF THE HAGUE FAMILY
IRREVOCABLE TRUST, et al.,

Plaintiffs,

v.

WELLS FARGO BANK, N.A., et al.,

Defendants.

NO. C11-02366 TEH

ORDER RE: PRELIMINARY
INJUNCTION AND MOTION
HEARING

This matter came before the Court on June 6, 2011, on an order to show cause as to why a preliminary injunction should not issue. For the reasons set forth below, Plaintiffs' application for preliminary injunction is DENIED.

**BACKGROUND**

Plaintiffs George and Nancy Hague ("Plaintiffs" or "the Hagues") borrowed $520,000 from World Savings Bank, FSB ("World Savings"), in 2007. The loan was memorialized by a promissory note and secured by a deed of trust recorded against the Hagues' home at 17656 Hillside Court, Castro Valley, California, where Mr. Hague has lived in since 1969.[1] The deed of trust named World Savings as the beneficiary and Golden West Savings Association Service Co. ("Golden West") as trustee.

---

[1] The Court takes judicial notice of the deed of trust and other documents recorded in connection with Plaintiffs' loan. They are true and correct copies of official public records of the Alameda County Recorder's Office, and their authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201(b). Plaintiffs do not object to the Court taking judicial notice of these or any other documents submitted by Wells Fargo.

1  World Savings changed its name to Wachovia Mortgage, FSB, on December 31,
2  2007.[2] It then changed its name to Wells Fargo Bank Southwest, N.A., before merging with
3  Wells Fargo Bank, N.A., in November 2009. The bank is currently known as Wachovia
4  Mortgage, a division of Wells Fargo Bank, N.A. The Court will refer to this entity, as it
5  exists today, as "Wells Fargo."

6  Plaintiffs' last mortgage payment was dated July 1, 2010. Acting as an agent for Wells
7  Fargo, NDEx West, LLC ("NDEx"), recorded a notice default against the Hagues' home on
8  January 4, 2011. On February 25, 2011, NDEx was substituted as trustee. NDEx recorded a
9  notice of trustee's sale on April 1, 2011. Plaintiffs filed suit against Wells Fargo and NDEx
10 in Alameda County Superior Court on April 24, 2011, seeking declaratory and injunctive
11 relief. Wells Fargo removed the case to this Court. On May 24, 2011, the Hagues filed an ex
12 parte application for a temporary restraining order and preliminary injunction to halt a
13 trustee's sale scheduled for May 26, 2011. Nancy Hague submitted an affidavit in support of
14 the injunction stating that if the couple were forced to move, it would be disastrous for her
15 husband's health. The Court granted a temporary restraining order and issued an order to
16 show cause as to why a preliminary injunction should not issue. The question of whether to
17 grant a preliminary injunction is now before the Court.

18

19 **LEGAL STANDARD**

20 The party moving for preliminary injunction must carry its burden of persuasion by a
21 "clear showing." *City of Angoon v. Marsh*, 749 F.2d 1413, 1415 (9th Cir. 1984). The Ninth
22 Circuit has clarified the standard for preliminary injunctions in light of the Supreme Court's
23 decision in *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, 129 S.Ct. 365,
24 172 L.Ed.2d 249 (2008). *See Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d
25 1046, 1052 (9th Cir. 2009). "A plaintiff seeking a preliminary injunction must establish that

---

[2] The Court grants Wachovia's request for judicial notice of Exhibits B through F, which establish the history of World Savings. The Court finds that these are true and correct copies of documents reflecting official acts of the executive branch of the United States, and that they are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence.

2

he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* (quoting *Winters*, --- at ----, 129 S.Ct. at 374). *Winters* did not disturb the threshold requirement that a party seeking preliminary injunction must "demonstrate that her remedy at law is inadequate." *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).

**DISCUSSION**

According to Plaintiffs, they are likely to succeed on the merits of their claims because (1) foreclosure of their home is in violation of California Civil Code section 2932.5 ("section 2932.5"); (2) Wells Fargo has failed to establish ownership of the promissory note; (3) Plaintiffs' loan was improperly securitized; and (4) Wells Fargo failed to adhere to the terms of a settlement with the State of California. While other factors weigh heavily in favor of Plaintiffs, Plaintiffs must show a likelihood of success on the merits. As explained in detail below, they have not done so.

**I. California Civil Code Section 2932.5**

Plaintiffs argue that Wells Fargo and NDEx's attempt to foreclose on their home violates section 2932.5. Section 2932.5 provides that

> [w]here a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.

Cal. Civ. Code § 2932.5. Plaintiffs argue that only World Savings, as the original beneficiary of the note and deed of trust, holds the power of sale and that no recorded document evidences an assignment of this power. Therefore, Plaintiffs argue, the entities attempting to foreclose are doing so in violation of section 2932.5.

3

1    Similar arguments under an Oregon statute have persuaded federal courts to halt
2 foreclosures or allow suits for wrongful foreclosure to proceed. *See, e.g.*, *Hooker v. Nw. Tr.*
3 *Servs., Inc.*, No. 10-3111, 2011 WL 2119103 (D. Or. May 25, 2011) (granting declaratory
4 judgment to borrower and dismissing non-judicial foreclosure proceeding); *Ekerson v.*
5 *Mortg. Elec. Registration Sys., Inc.*, No. 11-178, 2011 WL 597056 (D. Or. Feb. 11, 2011)
6 (granting temporary restraining order and halting foreclosure sale); *In re McCoy*, No. 10-
7 63814, 446 B.R. 453 (Bankr. D. Or. Feb. 7, 2011) (denying motion to dismiss wrongful
8 foreclosure claim); *Burgett v. Mortg. Elec. Registration Sys., Inc.*, No. 09-6244, 2010 WL
9 4282105 (D. Or. Oct. 20, 2010) (denying summary judgment with respect to declaratory
10 relief and breach of contract). Yet the record before the Court does not suggest that World
11 Savings assigned its power of sale. Judicially noticeable documents show that World Savings
12 and Wells Fargo are one and the same. World Savings simply changed its name to Wells
13 Fargo. Furthermore, Plaintiffs fail to analyze any cases interpreting section 2932.5, leaving
14 the Court unsure as to whether it applies to the facts here. Accordingly, on the record before
15 the Court, Plaintiffs have not shown that they are likely to succeed on the merits of their
16 claims in light of section 2932.5.

17   Plaintiffs also appear to argue that NDEx has no interest in the note or deed of trust
18 and therefore cannot participate in the foreclosure of their home. Yet California Civil Code
19 section 2924(a)(1) allows the beneficiary to initiate foreclosure by filing a notice of default,
20 and when NDEx recorded the notice of default in this case, it appears to have been acting as
21 an agent for the beneficiary, Wells Fargo. NDEx has since been substituted as trustee, and
22 Plaintiffs' arguments challenging that substitution appear to relate to the argument, analyzed
23 above, that Wells Fargo has no ownership interest in Plaintiffs' loan. Therefore Plaintiffs
24 have not shown they are likely to succeed on the merits under section 2932.5.

25

26 **II. Note Ownership**

27   Plaintiffs argue that Wells Fargo does not have standing to foreclose because it has
28 not established ownership of the note. In support of this argument, Plaintiffs point to the

4

absence of an assignment between World Savings and Wells Fargo. As explained above, Plaintiffs have failed to raise any question regarding Wells Fargo's ownership of the note. Insofar as Plaintiffs demand production of the note as proof of Wells Fargo's ownership interest, "[p]roduction of the original note is not required to proceed with a non-judicial foreclosure." *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) (quoting *Pagtalunan v. Reunion Mortgage Inc.*, 2009 WL 961995, at *1 (N.D.Cal.2009)).

**III. Securitization**

Plaintiffs argue that irregularities in the securitization process cast doubt upon who owns the note and deed of trust. In support, they include an affidavit from a "mortgage documentation examiner" stating that World Savings often sold loans on the secondary market in 2007 and therefore Plaintiffs' loan was likely handled in the same way. They also offer an affidavit from an expert in an unrelated Alabama case. Plaintiffs' argument seems to be that securitization involves a process by which notes and deeds of trust are assigned to mortgage loan trusts, and that various steps in this process were not adhered to here. The evidence presented to the Court does not show that Plaintiffs' loan was assigned to a mortgage loan trust, much less that the process of assigning it was irregular.[3] Thus Plaintiffs' evidence and arguments regarding alleged securitization irregularities are insufficient to show a likelihood of success on the merits.

**IV. State of California Settlement**

Finally, Plaintiffs argue that foreclosure should be delayed in light of a December 2010 settlement between the State of California and Wells Fargo in which Wells Fargo agreed to work with borrowers on loan modifications. Plaintiffs contend that their loan was the kind of a Pick-a-Payment loan governed by the settlement. In the settlement, Wells Fargo

---

[3] Wells Fargo objects to Plaintiffs' evidence, but the Court need not determine the merits of its objections because the evidence, if considered, does not support the granting of a preliminary injunction.

5

agreed to conduct outreach to borrowers in order to advise them about loan modification program eligibility. The Hagues say they have not heard from Wells Fargo and that their attempts to contact Wells Fargo have been unavailing. Yet Wells Fargo submitted a declaration that included three letters sent to the Hagues dated February 4, 2011, February 11, 2011, and April 11, 2011, explaining loan modification options. According to Wells Fargo, Plaintiffs did not respond to these letters. Plaintiffs do not contest this evidence, and therefore it appears that Wells Fargo complied with the settlement with respect to Plaintiffs.

**CONCLUSION**

Because Plaintiffs have not shown that they are likely to succeed on the merits of their claims, their application for preliminary injunction is DENIED. The hearing scheduled for June 27, 2011, on the motion to dismiss filed by Wells Fargo is HEREBY VACATED. The Court will hear this motion on **Monday, July 25, 2011**, at 10 a.m. in Courtroom 2. Plaintiffs' opposition or statement of non-opposition shall be filed no later than **Tuesday, July 5, 2011**. Wells Fargo's reply, if any, shall be filed no later than **Monday, July 11, 2011**.

**IT IS SO ORDERED.**

Dated: 6/20/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT