United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE HAGUE, AS TRUSTEE OF THE HAGUE FAMILY IRREVOCABLE TRUST, et al.,

Plaintiffs,

v.

WELLS FARGO BANK, N.A., et al.,

Defendants.

NO. C11-02366 TEH

ORDER RE: STAY

Plaintiffs' home at 17656 Hillside Court, Castro Valley, California ("the property"), is scheduled to be sold at a Trustee's Sale on Tuesday, June 28, 2011. On June 23, 2011, Plaintiffs filed an ex parte application for a motion to stay the proceedings and secure an injunction pending appeal of this Court's order denying Plaintiffs' request for a preliminary injunction. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed a preliminary opposition on June 24, 2011. The facts presented in Plaintiffs' application and supporting declarations clearly show that immediate and irreparable injury will result from the Trustee's Sale. The question here, as it was on the application for preliminary injunction, is whether Plaintiffs' showing on the merits warrants a stay.

The legal standard for injunctions and stays has been in flux since the Supreme Court decided *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). Plaintiffs have offered the Court little help in sorting through the legal landscape – they failed to cite a legal standard in their original application for preliminary injunction, and their treatment of the governing standard in their stay application was cursory. That said, Plaintiffs articulated a far more coherent legal argument in their stay papers, and the serious questions they raise warrant a stay under *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011).

After *Winter*, the Ninth Circuit confirmed that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, --- at ----, 129 S.Ct. at 374). This standard did not appear to preserve the sliding scale approach to preliminary injunctions, which holds that a preliminary injunction "is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Cottrell*, 632 F.3d at 1134-35 (ellipsis in original) (articulating the sliding scale approach); *Am. Trucking*, 559 F.3d at 1052 (explaining that "lesser standard[s]" are no longer controlling in light of *Winter*). However, the Ninth Circuit has since clarified that "the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*." *Cottrell*, 632 F.3d at 1134. In addition to satisfying the sliding scale test, a plaintiff must show that she is likely to suffer irreparable harm and that an injunction is in the public interest. *Id.* at 1135.

The Ninth Circuit has held that no higher standard governs stays pending appeal. *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008). In *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), the Supreme Court set forth "the factors regulating the issuance of a stay" as follows: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." According to the Ninth Circuit, the sliding scale test is consistent with these factors. Thus a party seeking a stay on appeal must show (1) a strong likelihood of success on the merits and the possibility of irreparable injury; (2) or that serious legal questions regarding the merits and the balance of hardships tips sharply in the party's favor.[1] *Golden*

---

[1] Some courts have questioned whether this test survives the Supreme Court's decision in *Winter*. *See, e.g., San Francisco Unified School Dist. v. S.W.*, 2011 WL 577413, at *2 n.3 (N.D. Cal. Feb. 09, 2011). In light of *Contrell*, the Court finds no reason to question

2

*Gate*, 512 F.3d at 1115-16. These alternative tests "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* at 1116. (citation and internal quotation marks omitted). Finally, a court must "consider where the public interest lies separately from and in addition to whether the applicant for stay will be irreparably injured absent a stay." *Id.* (citation and internal quotation and alteration marks omitted).

Plaintiffs' application for preliminary injunction did not raise serious questions going to the merits of their claims. However, the arguments in their application filed on June 23, 2011, reveal serious legal questions going to the merits. The Court has serious questions as to (1) whether the possible securitization of Plaintiffs' mortgage gave rise to a situation in which Plaintiffs' mortgage was assigned to another entity before Wells Fargo acquired it as an asset of World Savings; (2) whether this assignment implicates the power of sale under California Civil Code section 2932.5 ("section 2932.5); (3) whether, if section 2932.5 is implicated, Plaintiffs must nonetheless make an offer to tender; and (4) whether Plaintiffs' claims are preempted by the Home Owners' Loan Act ("HOLA").

The balance of hardships tips sharply in Plaintiffs' favor. Not only do Plaintiffs stand to lose their home, but they have expressed concern that their health could not withstand a move. These are irreparable injuries. Wells Fargo's interest is purely financial and, given its great wealth, not substantial enough to counteract a balance of hardships that strongly favors Plaintiffs.

Finally, Wells Fargo argues that a "dispute regarding one property is without any effect on the general public." Def.'s Response at 10:18-19. The Court disagrees, finding that the public has an interest in avoiding a foreclosure that is potentially wrongful. This is especially so given the many questions, raised in this Court and elsewhere, regarding the propriety of foreclosures.

---

whether, at the very least, the "serious questions" test for a stay survives *Winters*. *Cf. McArdle v. AT&T Mobility LLC*, 2010 WL 2867305, at *3 (N.D. Cal. July 20, 2010) (applying the serious questions test articulated in *Golden Gate*).

3

1  Accordingly, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, the Court
2  GRANTS Plaintiffs' application for an injunction barring the sale of their property.
3  However, Plaintiffs have not presented good cause for staying all proceedings. Accordingly,
4  Wells Fargo's motion to dismiss shall be heard and briefed according to the schedule in
5  place. The Court may, as appropriate, revisit Plaintiffs' request for an injunction after ruling
6  on the motion to dismiss.

7  Wells Fargo argues that a bond is proper under Rule 62 of the Federal Rules of Civil
8  Procedure and under equitable principles. The Court agrees, and finds that the value of one
9  monthly mortgage payment allegedly owed by Plaintiffs is a reasonable security for any costs
10  or damages sustained by any party found to have been wrongfully restrained.[2] Plaintiffs shall
11  post this bond by **Friday, July 1, 2011, at 4 p.m.**

13  **IT IS SO ORDERED.**

15  Dated: 6/27/11

          _/s/ Thelton E. Henderson_
16       THELTON E. HENDERSON, JUDGE
         UNITED STATES DISTRICT COURT

---

[2] If the parties cannot agree on this dollar amount, they shall submit evidence to the Court no later than Wednesday, June 30, 2011. The Court will determine the bond amount in time for Plaintiffs to post it by the July 1, 2011 deadline.

4