IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE HAGUE, AS TRUSTEE
OF THE HAGUE FAMILY
IRREVOCABLE TRUST, et al.,

Plaintiffs,

v.

WELLS FARGO BANK, N.A., et al.,

Defendants.

NO. C11-02366 TEH

ORDER GRANTING MOTION TO DISMISS

This matter came before the Court on July 25, 2011, on a motion to dismiss filed by Defendant Wells Fargo Bank, N.A. For the reasons set forth below, the motion is GRANTED.

**BACKGROUND**

Plaintiffs George and Nancy Hague ("Plaintiffs" or "the Hagues") borrowed $520,000 from World Savings Bank, FSB ("World Savings"), in June 2007.[1] The loan was memorialized by a promissory note and secured by a deed of trust recorded against the Hagues' home at 17656 Hillside Court, Castro Valley, California. The deed of trust named

---

[1] Some of this information is contained in the deed of trust recorded against the Hagues' property. The Hagues object to the Court taking judicial notice of this document. Their objection was not timely filed, but even if it had been, it is overruled in light of the fact that the deed of trust is attached as an exhibit to the Hagues' Complaint and is incorporated by reference as though fully set out in the Complaint. *See* Fed. R. Civ. P. 10(c); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The same is true for the notice of default, the substitution of trustee, and the notice of trustee's sale. Furthermore, these documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, and therefore judicial notice of these documents is proper under Rule 201 of the Federal Rules of Evidence. In their Complaint, the Hagues refer to the substitution of trustee and the notice of trustee's sale as "fraudulent," but the reasoning in this order does not depend upon the accuracy of these documents.

1  World Savings as the lender and Golden West Savings Association Service Co. ("Golden
2  West") as trustee.
3      World Savings changed its name to Wachovia Mortgage, FSB, on December 31,
4  2007.[2] In November 2009, this entity changed its name to Wells Fargo Bank Southwest,
5  N.A., and merged into Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"). Because
6  Wells Fargo has shown that World Savings and Wells Fargo are now one and the same,
7  allegations against World Savings will be construed as allegations against Wells Fargo.
8      The Hagues defaulted on their loan sometime before August 1, 2010. Purportedly
9  acting as an agent for Wells Fargo, NDEx West, LLC ("NDEx"), recorded a notice default
10 against the Hagues' home on January 4, 2011. On January 20, 2011, NDEx recorded a
11 substitution of trustee naming itself the trustee. NDEx recorded a notice of trustee's sale on
12 March 30, 2011. Plaintiffs filed suit against Wells Fargo and NDEx in Alameda County
13 Superior Court on April 25, 2011, seeking declaratory and injunctive relief. The Complaint
14 alleges that Wells Fargo does not have a legal interest in the Hagues' loan.
15     Wells Fargo removed the case to this Court, and on May 20, 2011, it filed a motion to
16 dismiss. A few days later, on May 24, 2011, the Hagues filed an ex parte application for a
17 temporary restraining order and preliminary injunction to halt a trustee's sale scheduled for
18 May 26, 2011. The Court granted a temporary restraining order and issued an order to show
19 cause as to why a preliminary injunction should not issue. The Court denied the preliminary
20 injunction and the Hagues appealed. The Hagues asked the Court to enjoin the sale of their
21 home pending appeal, and in light of the fact that the Hagues had reformulated their
22 arguments, the Court granted the injunction halting any sale of their home. The Hagues have

---

[2] The Hagues also filed untimely objections to Wells Fargo's request for judicial notice of five documents establishing the history of World Savings. Even if the Court were to consider these objections, they would be overruled. The Court grants Wells Fargo's request for judicial notice of Exhibits B through F, which are true and correct copies of documents reflecting official acts of the executive branch of the United States, and are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence. *See Hite v. Wachovia Mortg.*, 2:09-cv-02884, 2010 U.S. Dist. LEXIS 57732, at *6-*7 (E.D. Cal. June 10, 2010) (taking judicial notice of Exhibits B through E); *Paralyzed Veterans of Am. v. McPherson*, No. C 06-4760, 2008 U.S. Dist. LEXIS 69542, at *17-*18 (N.D. Cal. Sept. 8, 2008) (taking judicial notice of information on government websites).

2

since dismissed their appeal. This prompted Wells Fargo to request that the injunction be dissolved.

Wells Fargo's motion to dismiss and request to dissolve the injunction are now before the Court.

**LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949-50.

A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal of claims that fail to meet this standard should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

//
//
//
//
//

**DISCUSSION**

**I. Motion to Dismiss**

The Hagues bring two claims against Wells Fargo. The first is for declaratory relief, the second is for injunctive relief. Wells Fargo argues that both claims should be dismissed because they are preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461, *et seq.*, and because the Hagues have failed to tender. It also argues that the claim for declaratory relief should be dismissed because note ownership claims are not actionable and Wells Fargo has the authority to foreclose. Finally, Wells Fargo argues that the claim for injunctive relief should be dismissed because it is a remedy and not a cause of action.

Plaintiffs argue that HOLA does not preempt their claims, that the tender rule does not bar their claims, and that Wells Fargo is not a real party in interest and therefore cannot foreclose on the Hagues' home. The Court will first evaluate the Hagues' claim for injunction, and will then turn to their claim for declaratory relief.

**A. Claim for Injunction**

Wells Fargo argues that an injunction is a form of relief rather than a cause of action. Plaintiffs fail to respond to this argument. The Court agrees with Wells Fargo that injunctive relief "is a remedy and not, in itself, a claim, and a claim must exist before injunctive relief may be granted." *See Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168, 125 P.2d 930 (1942) (citation omitted). Wells Fargo's motion to dismiss the Hagues' second claim for injunctive relief is therefore GRANTED. Because the Hagues could plead no set of facts that would state a claim for injunctive relief, this claim is DISMISSED WITH PREJUDICE.

**B. Claim for Declaratory Relief**

The Hagues bring their claim for declaratory relief under California Civil Procedure Code section 1060, which allows a party to a contract or written instrument to seek declaratory relief "in cases of actual controversy relating to the legal rights and duties of the

4

1  respective parties . . . ." Cal. Civ. Pro. Code § 1060. In their Complaint, the Hagues state that
2  an actual controversy exists because Wells Fargo

> is trying to foreclose on the Plaintiffs' real property . . . when Plaintiff has not been provided with any evidence that said Defendants have full and unencumbered legal title to both the Note and Deed of Trust; where there is no evidence of how [Wells Fargo] became the legal "substituted trustee" of the Deed of Trust; where there is evidence showing that [the] Note and Deed of Trust are contained in a trust; and where the Substitution and the Notice are fraudulent documents.

Compl. ¶ 27.

Wells Fargo need not demonstrate that it has "full and unencumbered legal title" in order to foreclose on the Hagues' property. *Id.* It need only comply with California's nonjudicial foreclosure statutes. *See Gomes v. Countrywide*, 192 Cal. App. 4th 1149, 1154 (2011) (California's nonjudicial foreclosure statutes "cover every aspect of exercise of the power of sale contained in a deed of trust."). In California, "[t]he comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive." *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994). This framework is set out in California Civil Code sections 2924 through 2924k. *Id.* at 830. The original note need not be produced in order to initiate nonjudicial foreclosure. *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009). "The trustee, mortgagee, or beneficiary, or any of their authorized agents" has the power to initiate nonjudicial foreclosure. Cal. Civ. Code § 2924(a)(1). "The purposes of this comprehensive scheme are threefold: (1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser." *Moeller*, 25 Cal. App. 4th at 830. The Hagues have failed to articulate a basis for challenging Wells Fargo's ability to foreclose under California's nonjudicial foreclosure statutes.

The Hagues' legal arguments are unpersuasive. They contend that Wells Fargo must establish that it is the "real party in interest" in order to exercise the power of sale. At oral

5

argument, the Hagues offered *In re Veal*, a bankruptcy appellate decision, to support this legal theory. No. 09-14808, 2011 WL 2652328 (9th Cir. BAP June 10, 2011). In *In re Veal*, borrowers in bankruptcy proceedings challenged (1) the standing of a bank to seek relief from a stay; and (2) the standing of the bank's agent to file a proof of claim. *Id.* at *4. The court noted that the doctrine of prudential standing requires a plaintiff to assert his or her own legal rights rather than the rights of others. *Id.* at *5. To determine whether the bank or its agent had legal rights, the court looked to whether they were real parties in interest – an inquiry that involved an examination of who owned or had a property interest in the note in light of the requirements of the Uniform Commercial Code ("UCC"). *Id. In re Veal* is irrelevant to this case because standing is not an issue – Wells Fargo is a defendant, not a plaintiff, and thus need not establish constitutional standing. Furthermore, *In re Veal* acknowledges that California has altered the UCC rule regarding the significance of note possession and ownership. *Id.* at *13. Provisions of California's nonjudicial foreclosure framework "may give lenders a nonbankruptcy right to commence foreclosure based solely upon their status as assignees of a mortgage or deed of trust, and without any explicit requirement that they have an interest in the note." *Id.* at *13 n.34.

    The deed of trust at issue here lists World Savings as the lender. Judicially noticeable documents show that World Savings and Wells Fargo are one and the same. Thus Wells Fargo's rights as lender under the deed of trust and under California's nonjudicial foreclosure statutes are controlling. The Court agrees with Wells Fargo that the Hagues' allegations regarding Wells Fargo's ownership interest in the loan are insufficient to support a claim for declaratory relief. Accordingly, the Court need not reach Wells Fargo's arguments regarding the tender rule or HOLA preemption. Wells Fargo's motion to dismiss this claim is GRANTED.

    The Court doubts that amendment can cure the deficiencies outlined above. In an abundance of caution, however, the Hagues' claim for declaratory relief is DISMISSED WITHOUT PREJUDICE. The Court reminds the Hagues that an amendment, should they choose to amend, must comply with the requirements of Rule 11(b) of the Federal Rules of

6

Civil Procedure. Pleadings must not be presented for an improper purpose, such as unnecessary delay, and legal claims may not be frivolous. By presenting an amended complaint to the Court, the Hagues' counsel certifies that the amendment is in accord with Rule 11(b).

Amending the Complaint is not merely a matter of reformulating allegations in terms of California's nonjudicial foreclosure statutes. *See, e.g.*, *Gomes*, 192 Cal. App. 4th 1149 (dismissing declaratory relief action brought to determine whether the foreclosing entity had authority to do so under California Civil Code section 2924(a)). The Hagues must also reckon with serious preemption issues. *See Winding v. Cal-Western Reconveyance Corp.*, No. 11-0041, 2011 WL 2552523 (E.D. Cal. Jan. 21, 2011); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119 (N.D. Cal. 2010). In deciding whether to amend, the Court cautions the Hagues to look carefully at these issues to ensure that their amendment does not violate Rule 11(b).

## II. Request to Dissolve Stay

Wells Fargo has requested that the Court lift an injunction imposed on a motion to stay pending appeal. The appeal has since been dismissed, but it appears that the same legal standard applies to injunctions regardless of whether an appeal is pending. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011); *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008). Accordingly, this request is DENIED WITHOUT PREJUDICE.

## CONCLUSION

Wells Fargo's motion to dismiss the Hagues' Complaint is GRANTED. The Hagues' first claim for declaratory relief is DISMISSED WITHOUT PREJUDICE. The Hagues'

//
//
//

7

second claim for injunctive relief is DISMISSED WITH PREJUDICE. The Hagues' amended complaint, should they choose to amend, shall be filed no later than September 5, 2011.

**IT IS SO ORDERED.**

Dated: 8/2/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

8